IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

WASH DEPOT HOLDINGS, INC.

       Plaintiff,

v.

LUVRWASH, INC., d/b/a SPARKLING IMAGE AUTO WASH
And d/b/a SPARKLING IMAGE QUICK LUBE

       Defendant.

Case No.:

Honorable:

Magistrate Judge:

HONIGMAN MILLER SCHWARTZ AND COHN, LLP
J. Michael Huget (P39150)
Sarah E. Waidelich (P80225)
315 East Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108
Phone: (734) 418-4254
Fax: (734) 418-4255
mhuget@honigman.com
swaidelich@honigman.com
*Attorneys for Plaintiff*

_____/

## COMPLAINT

Plaintiff, Wash Depot Holdings, Inc., by and through its attorneys, hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for Federal Trademark Infringement under 15 U.S.C. §1114, False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125, Federal Trademark Dilution under 15 U.S.C. §1125(c), trademark infringement under Michigan common law, Michigan Trademark Dilution under Michigan statutory law, Unfair Competition under

Michigan statutory law, Unfair Competition under Michigan common law.  Plaintiff, Wash Depot Holdings, Inc. ("Wash Depot") seeks both injunctive and monetary relief as a result of Defendants' knowing and willful violation of Wash Depot's trademark rights, including its rights to its SPARKLING IMAGE CAR WASH marks, which are the subject of four U.S. Federal Trademark Registrations.

## PARTIES

2.  Plaintiff, Wash Depot, is a Delaware Corporation, organized and existing under the laws of the State of Delaware, having its principal place of business at 14 Summer Street, Suite 302, Malden, Massachusetts.  Wash Depot is a national, privately owned company that operates full service car washes.

3.  Defendant, LUVRWash, Inc. ("LUVRWash"), d/b/a Sparkling Image Auto Wash, and d/b/a Sparkling Image Quick Lube, based on information and belief, is a Michigan corporation, with its place of business at 3241 Plainfield Ave NE, Grand Rapids, Michigan.

## JURISDICTION AND VENUE

4.  This action arises under the Federal Trademark Act (Lanham Act), 15 U.S.C. § 1051 et seq., and Michigan Compiled Laws §445.901.

5.  Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1331, §1338(a) and §1338(b).

6.  Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are substantially related to Plaintiff's federal Lanham Act claims.

7.  This Court has personal jurisdiction over Defendant (believed to be a Michigan resident) and venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c).

**GENERAL ALLEGATIONS**

8. Plaintiff, Wash Depot, is the owner of United States Service Mark Registration No. 3,324,615 for SPARKLING IMAGE CAR WASH for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car wash, self-service car wash services and self-service automobile interior automobile care services, in Class 37 (the "'615 Mark"). A true copy of the Certificate of Registration for the '615 Mark is attached hereto as Exhibit 1. The federal registration for the '615 Mark is valid and incontestable, and was granted in 2007.

9. Plaintiff is also the owner of United States Service Mark Registration No. 4,534,306 for SPARKLING IMAGE CAR WASH for retail convenience stores; retail store services featuring convenience store items and gasoline; gas stations, namely retail gasoline supply services; gas station services, namely, retail gasoline supply services, in Class 35; for automobile service station services; automobile lubrication; automobile repair and maintenance; automobile oil change centers, in Class 37; and for restaurant services; café services, in Class 43 (the "'306 Mark"). A true copy of the Certificate of Registration for the '306 Mark is attached hereto as Exhibit 2. The federal registration for the '306 Mark is valid and was granted in 2014.

10. Plaintiff is also the owner of United States Service Mark Registration No. 3,339,939 for SPARKLING IMAGE (and design) for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car wash, self-service car wash services and self-service automobile interior automobile care services, in Class 37 (the "'939 Mark"). A true copy of the Certificate of Registration for the '939 Mark is attached hereto as Exhibit 3. The federal registration for the '939 Mark is valid and incontestable, and was granted in 2007.

11.     Plaintiff is also the owner of United States Service Mark Registration No. 3,984,151 for SPARKLING IMAGE (and design) for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car wash, self-service car wash services and self-service automobile interior automobile care services, in Class 37 (the "'151 Mark," collectively with the '615 Mark, the '306 Mark, and the '939 Mark, the "Sparkling Image Car Wash Marks").  A true copy of the Certificate of Registration for the '151 Mark is attached hereto as Exhibit 4.  The federal registration for the '151 Mark is valid and incontestable, and was granted in 2011.

12.     The registrations of the above Marks constitute prima facie evidence of their validity and conclusive evidence of Plaintiff's exclusive right to use the Marks in commerce in connection with the services named therein, and commercially related goods and services.

13.     Plaintiff has used the marks SPARKLING IMAGE CAR WASH (Reg. No. 3,324,615) and SPARKLING IMAGE CAR WASH (and design) (Reg. No. 3,339,939) since on or about 1998, in connection with and to identify, in part, its car washing services and to distinguish its services from similar services offered by others, by, and without limitation, prominently displaying its Marks on advertising and promotional materials, e.g., coupons, flyers, savings cards, distributed throughout the United States, and on their website, <sparkingimagewash.com>, which also offers car washing services for sale to the trade and to the general public.  Plaintiff's services sold under the Marks are provided nationwide in thirteen states.

14.     On information and belief, Defendant LUVRWash operates a car wash, at least, at 3241 Plainfield Ave, NE, Grand Rapids, Michigan under various d/b/a names including "Sparkling Image Auto Wash", and "Sparkling Image Quick Lube".  In the course of its business, Defendant LUVRWash, has used the mark "Sparkling Image" in violation of Plaintiff's trademark rights.  A

true and accurate copy of cached screenshot of pages of the <sparklingimagegr.com> website is attached hereto as Exhibit 5.  A true and accurate copy of a portion of a cached screen shot page from Defendant's website <sparklingimagegr.com> is reproduced below.

[screenshot: 9/21/2017 — Sparkling Image - Car Wash Services — SPARKLING image Car Wash & Quick Lube | HOME | CAR WASH | QUICK LUBE | ABOUT | CONTACT US | JOBS]

15. On or about December 14, 2015, Defendant was first advised of Plaintiff's trademark rights, and in correspondence between counsel since then, Defendant has asserted legally insufficient defenses, and continues to blatantly violate Plaintiff's trademark rights.

**COUNT I – FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114(a))**

16. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 – 15 of this Complaint.

17. Defendant has violated Plaintiff's exclusive rights to use their SPARKLING IMAGE CAR WASH Marks (Reg. Nos. 3,324,615, 4,534,306, 3,339,939, and 3,984,151) by adopting and using the marks "Sparkling Image Auto Wash", and "Sparkling Image Quick Lube" and others in commerce, that are identical or confusingly similar to Plaintiff's marks.  Specifically, the Defendant has displayed the marks on the website <sparklingimagegr.com> and, on information and belief, at least at the location of 3241 Plainfield Ave NE, Grand Rapids, Michigan.

18. Defendant, without the consent of Plaintiff, has and on information and belief continues to use in commerce the marks "Sparkling Image Auto Wash", and "Sparkling Image Quick Lube" and others, which are confusingly similar and/or identical to Plaintiff's registered Sparkling Image Car Wash Marks in connection with the sale and offering for sale of its car

wash services, which use is likely to cause confusion, deception or mistake with regard to the source or affiliation of Defendants services.

19. Defendant's acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114.

20. Based on information and belief, Defendant's conduct and actions are intentional, willful, and in bad faith.

21. The above actions and conduct of Defendant have caused, and are causing, great injury, irreparable harm and damage to Plaintiff, and unless permanently enjoined by this Court, the irreparable injury will continue.

22. Defendant has violated the exclusive rights of Plaintiff to its use of the registered Sparkling Image Car Wash Marks, and are liable in a civil action under 15 U.S.C. §1114.

23. On information and belief, Defendant's used, and use, its above marks in imitation of Plaintiffs marks with the intention to benefit from the association with the Plaintiff's business, and such use was intended to cause, and has caused, confusion, mistake, or to deceive potential customers, or otherwise improperly to benefit from the goodwill associated with the Plaintiff's Sparkling Image Car Wash Marks.

24 By reason of the above, the Defendant is in violation of 15 U.S.C. §1114(a) and (b), and the Plaintiff is entitled to injunctive relief, and to recover profits and damages from Defendant.

**COUNT II – FEDERAL UNFAIR COMPETITION (15 U.S.C. §1125(a))**

25. Plaintiff hereby re-alleges and incorporates by references the allegations of paragraphs 1 – 24 of this Complaint.

26. On information and belief, Defendant has used the marks "Sparkling Image Auto Wash", and "Sparkling Image Quick Lube" and others in commerce, including interstate commerce.

Under 15 U.S.C. §1125(a), the use of such marks in connection with Defendant's car wash and related services and goods is a false designation of origin, and a false or misleading representation of affiliation or association, which is likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiff.

27. Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill with respect to its Sparkling Image Car Wash Marks. Plaintiff has no further adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

### COUNT III – FEDERAL TRADEMARK DILUTION (15 U.S.C. §1125(c))

28. Plaintiff hereby re-alleges and incorporates by references the allegations of paragraphs 1 – 27 of this Complaint.

29. Plaintiff's Sparkling Image Car Wash Marks are distinctive and well-known. The Sparkling Image Car Wash Marks are inherently strong and distinctive, have long been used in connection with the goods and service in connection with which they are used by Plaintiff, have long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use, are each registered on the Principal Register, and three of such registrations are incontestable.

30. Defendant has made commercial use of Plaintiff's marks in connection with services and goods that Defendant has offered and sold in commerce, including interstate commerce. Defendant's acts are in violation of 15 U.S.C. §1125(c) in that they have caused dilution of the distinctive quality of Plaintiff's marks, including, at least, the mark SPARKLING IMAGE, all to

the irreparable injury to and damage of Plaintiff. These acts of Defendant were commenced and committed from a time after Plaintiffs marks became well-known.

31. Defendant's acts have lessened the capacity of Plaintiff's marks to identify and distinguish the goods and services of Plaintiff. Defendant's acts have blurred the unique association that has exists between Plaintiff's marks, and goods and services provided by Plaintiff.

32. On information and belief, Defendant committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiff, and to cause dilution of Plaintiff's well-known marks.

**COUNT IV – FEDERAL TRADEMARK CYBERPIRACY (15 U.S.C. §1125(d))**

33. Plaintiff hereby re-alleges and incorporates by references the allegations of paragraphs 1 – 32 of this Complaint.

34. On information and belief, at least Defendant, through an employee, registered and maintains the website domain <sparklingimagegr.com> for car wash services and related goods and services.

35. On information and belief, at least Defendant, through an employee, registered and maintains the website domain <sparklingimagegr.com> in bad faith with the intention to profit from such registration.

36. At least by the date of registration of the domain <sparklingimagegr.com>, Plaintiff's above marks had become distinctive and well known, and the domain <sparklingimagegr.com> is identical to or confusingly similar to, Plaintiff's Sparkling Image Car Wash Marks.

37. On information and belief, Defendant committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiff, and to cause a diversion of sales and commercial activity away from Plaintiff and to Defendant.

38. By reason of the above, Defendant is in violation of 15 U.S.C. §1125(d), and the domain <sparklingimagegr.com> must be forfeited or cancelled.

### COUNT V – MICHIGAN UNFAIR COMPETITION
### (MICHIGAN COMPILED LAWS §445.901 ET SEQ.)

39. Plaintiff hereby re-alleges and incorporates by references the allegations of paragraphs 1 – 38 of this Complaint.

40. Defendant's above acts constitute wrongs under Michigan Compiled Laws §445.901 et seq. in that Defendant's use of the infringing marks cause a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of services or goods.

41. Defendant's use of the above marks further constitutes actionable wrongs by representing that such services and goods have sponsorship, approval, or characteristics that they do not have.

42. Defendant's use of the above marks also constitutes actionable wrongs by representing that their services and goods possess the same or similar standards, qualities, or grades as Plaintiff's services or goods, although they are in fact of very different quality.

43. Defendant's use of the above marks also constitutes actionable wrongs by disparaging the services, goods, business, or reputation of Plaintiff by false or misleading representations of facts.

44. Defendant has caused, and continue to cause, substantial and irreparable damage and injury to Plaintiff and to the public.  Defendant has benefited from such unlawful conduct, and will continue to carry out such unlawful conduct and be unjustly enriched thereby unless enjoined by this Court.

45.     Defendant's acts as herein alleged have caused Plaintiff to sustain damages.

46.     Defendant is directly, contributorily and/or vicariously liable for these actions in violation of Michigan Compiled Laws §445.901 et seq.

## RELIEF REQUESTED

WHERERFORE, Plaintiff prays for relief for the above Causes:

    a.     Enter judgment in favor of Plaintiff on all Counts of the Complaint;

    b.     Enter a temporary, interlocutory, and permanent injunction restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privy with Defendant using the marks "Sparkling Image Auto Wash", and "Sparkling Image Quick Lube" and others, or any colorable similar variants thereof on or in connection with the offering of car wash and related services and goods; from infringement of U.S. Trademark Registrations Nos. 3,324,615, 4,534,306, 3,339,939, and 3,984,151; from unfairly competing with Plaintiff; from engaging in unfair and deceptive trade practices; and from injuring Plaintiff's business reputation, pursuant to 15 U.S.C. §1116;

    c.     Enter a temporary, interlocutory, and permanent injunction against Defendant to cease and desist from using any marks that include "sparkling image" or similar marks owned by Plaintiff;

    d.     Enter a temporary, interlocutory, and permanent injunction against Defendant to cease and desist from using the website domain <sparklingimagegr.com> in connection with car wash services, as well as any website domain that include "sparkling image" or similar marks owned by Plaintiff;

    e.     Order that the domain <sparklingimagegr.com> be forfeited or cancelled in accordance with 15 U.S.C. §1125((d)(1)(c));

25642743.1

  f. Award Plaintiff general and compensatory damages; actual damages; incidental, special, consequential, and exemplary damages; and damages for the unjust enrichment caused by Defendant's infringement;

  g. Require Defendant to account for and to pay to Plaintiff, all of Defendant's profits and all damages suffered by Plaintiff as a result of Defendant's acts, together with interest, and that Plaintiff's recovery be trebled, pursuant to 15 U.S.C. §1117;

  h. Order Defendant to surrender for destruction all labels, signs, advertisements, billboards, flyers, brochures, coupons, literature, nameplates, website addresses and other material incorporating or reproducing the infringing marks, pursuant to 15 U.S.C. §1118;

  i. Compel Defendant to compensate Plaintiff for corrective and responsive advertising;

  j. Order and compel Defendant to pay Plaintiff punitive damages in an amount to be determined by the Court;

  k. Award Plaintiff all costs and in this action;

  l. Award Plaintiff all expenses incurred in this action, including reasonable attorneys' fees; and

  m. Award such other relief as the Court deems just and equitable.

Dated:  September 28, 2017  By: /s/J. Michael Huget
  HONIGMAN MILLER SCHWARTZ AND COHN, LLP
  J. Michael Huget (P39150)
  Sarah E. Waidelich (P80225)
  315 East Eisenhower Parkway, Suite 100
  Ann Arbor, MI 48108
  Phone: (734) 418-4254
  mhuget@honigman.com
  swaidelich@honigman.com
  *Attorneys for Plaintiff*

25642743.1